# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEAN ALVARADO, JR., | Case No. 1:17-cv-01396-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (ECF No. 12) |
| COUNTY OF TULARE, | |
| Defendant. | |

Plaintiff Daniel Dean Alvarado ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on October 3, 2017. (ECF No. 1.)

On January 8, 2018, Plaintiff filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37. (ECF No. 10.) Plaintiff appeared to be requesting default judgment against Defendant County of Tulare, due to Defendant's failure to respond to the complaint. On January 16, 2018, the Court denied the motion as premature. (ECF No. 11.)

On February 5, 2018, Plaintiff filed a copy of the Court's January 16, 2018 order, with a handwritten note: "Objection: Show Cause Why it is Premature. Point Clarification: Praecipe and demand. Writ of Mandamus Warrant." (ECF No. 12.) Plaintiff attaches various documents to his objections, including what appear to be proposed orders awarding judgment in his favor against Defendant County of Tulare, and copies of docket sheets in the instant action and the action

1

originally filed in the Northern District of Illinois. Plaintiff does not explain the significance of these attachments. (Id.)

The Court construes Plaintiff's objections as a motion for reconsideration of the order denying Plaintiff's motion for sanctions. The motion is deemed submitted. Local Rule 230(l).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's request that the Court provide an explanation for finding that his motion for sanctions was premature merely demonstrates his disagreement with the Court's decision. Plaintiff fails to show that the Court has committed clear error, and he has presented no new or different facts or circumstances which did not exist or were not shown upon a prior motion, or any other grounds that exist for the motion. As stated in the Court's January 16, 2018 order, the complaint has not yet been screened to determine whether it is subject to dismissal or whether the action should proceed to discovery on Plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, the complaint has not been served, no defendants have appeared, and discovery has not been opened. Default judgment against any defendant is therefore inappropriate and premature at this time.

///

///

2

Accordingly, Plaintiff has failed to set forth grounds entitling him to reconsideration of the Court's January 16, 2018 order, and Plaintiff's motion for reconsideration, (ECF No. 12) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **February 12, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE