# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEAN ALVARADO, JR., | Case No. 1:17-cv-01396-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE |
| v. | (ECF No. 14) |
| COUNTY OF TULARE, | |
| Defendant. | |

Plaintiff Daniel Dean Alavarado, Jr. ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on October 3, 2017 in the United States District Court for the Northern District of Illinois, (ECF No. 1), and was transferred to this district on October 16, 2017, (ECF No. 5).

Currently before the Court is Plaintiff's filing of April 13, 2018. (ECF No. 14.) Though difficult to understand, Plaintiff appears to be requesting the transfer of this action to the United States District Court for the Western District of Virginia and the reinstatement of a prior action in that district, Alvarado v. County of Tulare, Case No. 3:17CV00040. (Id. at 3.) The filing will be construed as a motion to transfer venue.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil

1

action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); <u>Hatch v. Reliance Ins. Co.</u>, 758 F.2d 409, 414 (9th Cir. 1985); <u>Park v. Dole Fresh Vegetables, Inc.</u>, 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013).

The events at issue here occurred in Tulare County, which is located within the boundaries of the Fresno Division of the Eastern District of California. Plaintiff names as defendants the County of Tulare; a Tulare County Sheriff's deputy by the name of Rales or Ralez; and an unspecified individual or individuals. There is no indication that any of the defendants "reside" in, or that any of the events giving rise to this suit have taken place in, the Western District of Virginia. Moreover, a review of the docket in Case No. 3:17CV00040 reveals that the case was dismissed without prejudice for lack of personal jurisdiction over the defendants. Plaintiff has not provided any new or additional information demonstrating that any defendant would now be subject to personal jurisdiction in the Western District of Virginia.

Accordingly, venue is appropriate in this district, and Plaintiff's motion for transfer of venue, (ECF No. 14), is HEREBY DENIED. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated: **April 30, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE