# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEAN ALVARADO, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF TULARE, et al., <br><br> Defendants. | Case No. 1:17-cv-01396-LJO-BAM (PC) <br><br> ORDER VACATING FINDINGS AND RECOMMENDATIONS <br> (ECF No. 17) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS <br> (ECF No. 18) <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Daniel Dean Alvarado, Jr. ("Plaintiff") is a former pretrial detainee in Bob Wiley Detention Center proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff initiated this action on October 3, 2017, in the United States District Court for the Northern District of Illinois, Eastern Division. (ECF No. 1.) The action was transferred to this Court on October 17, 2017. (ECF Nos. 4-6.)

On July 26, 2018, the Court issued a screening order granting Plaintiff leave to file a first amended complaint within thirty (30) days. (ECF No. 16.) After more than thirty days had passed and Plaintiff failed to file a first amended complaint or otherwise communicate with the Court regarding this action, the undersigned issued findings and recommendations regarding dismissal of this action for failure to obey a court order and failure to prosecute. (ECF No. 17.)

1

On November 16, 2018, Plaintiff filed a document which the Court construes as the first amended complaint, in lieu of objections. (ECF No. 18.) As it appears Plaintiff has attempted to comply with the Court's original order directing him to file an amended complaint, and in light of Plaintiff's *pro se* status, the Court HEREBY VACATES the findings and recommendations issued on October 31, 2018.

Therefore, Plaintiff's first amended complaint, filed on November 16, 2018, is currently before the Court for screening. (ECF No. 18.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

///

**III.     Plaintiff's Allegations**

The events in the complaint are alleged to have occurred while Plaintiff was housed at the Bob Wiley Detention Center in Tulare County, California.  Plaintiff appears to name the following defendants: (1) Tulare County; (2) Bob Wiley Detention Center; (3) Sheriff Michael Boudreaux; and (4) R. Rales.[1]  (ECF No. 18, p. 9.)

As discussed in the Court's prior screening order, Plaintiff's original complaint failed to comply with Federal Rule of Civil Procedure 8, as it was disjointed, confusing, and difficult to understand.  (ECF No. 16, p. 2.)  Plaintiff's first amended complaint does little to cure this deficiency.  Plaintiff has included more than thirty pages of allegations unrelated to any potential civil rights claims.  However, as best as the Court can determine, Plaintiff's relevant allegations are as follows:

On August 2, 2015, Plaintiff was arrested and taken to the Bob Wiley Detention Center.  Plaintiff does not specify why he was arrested.  Plaintiff was fingerprinted and booked.  Later that day, while Plaintiff was being released, Defendant Rales commanded Plaintiff to "execute commercial instruments" using a pencil.  Then Defendant Rales, with intent to injure by bodily harm, lifted Plaintiff from a stationary position, vertically up off his feet, and moved Plaintiff's body horizontally until Plaintiff's head made contact with the concrete wall of the first cell located to the left side of the Booking Intake area.  This action was done without notice, consent, or authorization from Plaintiff.  Plaintiff lost consciousness.  When Plaintiff regained consciousness, Defendant Rales did not offer medical care, but instead transported Plaintiff to exit the Bob Wiley Detention Center.  When Plaintiff had fully regained consciousness, he transported himself for medical care.  Plaintiff had cranial x-rays which revealed a fractured skull at the crown.  (ECF No. 18, p. 13.)

On May 5, 2017, Plaintiff was arrested from his daughter's home and taken to the Bob Wiley Detention Center.  Plaintiff was held "for Ransom Demand" at Bob Wiley Detention Center until May 16, 2017.  Plaintiff claims monetary damages for the 288 hours of "False Arrest

---

[1] Plaintiff appears to refer to the same individual defendant as "RJRales," "Ralez," and "R. Rales."  For ease of understanding, the Court will refer to this defendant as "Defendant Rales."

without statutory jurisdiction, Kidnapping & Hostage Taking" of Plaintiff. (ECF No. 18, p. 14.)

**IV. Discussion**

**A. Federal Rule of Civil Procedure 8**

As noted, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is not short and is not a plain statement of his claims. Plaintiff's complaint, save for the sections summarized above, lacks clear factual allegations, and the Court cannot determine what happened, when it happened, or who was involved. Despite being provided the relevant legal standards, Plaintiff has failed to clearly and succinctly include sufficient factual allegations to state a claim that is plausible on its face, with the exception of the excessive force claim discussed below.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

4

right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Here, Plaintiff fails to link the named defendants, aside from Defendant Rales, to any constitutional violation.

### C. Defendant Tulare County

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell, 436 U.S. at 691; Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163–64 (9th Cir. 2003). In order to establish municipal or county liability, a plaintiff must show that a "policy or custom" led to the plaintiff's injury. Monell, 436 U.S. at 694. A claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation ... suffered." Galen v. Cty. of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007). A plaintiff must also demonstrate that the custom or policy was adhered to with "deliberate indifference to the constitutional rights of [the jail's] inhabitants." Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016), citing City of Canton, Ohio, v. Harris, 489 U.S. 378, 392 (1989).

Plaintiff's complaint does not adequately allege a deliberate policy, custom or practice that was the moving force behind any constitutional violation or that any such custom or policy was adhered to with deliberate indifference. Plaintiff's general and conclusory allegation that his second arrest established a fact pattern by Defendant Tulare County is not sufficient.

### D. Bob Wiley Detention Facility

The Bob Wiley Detention Facility is not a proper defendant in this action. A county jail or detention facility is not a proper defendant under § 1983. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); Powell v. Cook Cty. Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County

Jail is not a 'person.'").

**E.      False Arrest and Imprisonment**

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (citing George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)).

Here, Plaintiff appears to allege generally that there was no probable cause for his arrests. However, general, conclusory allegations are not sufficient to state a claim. Plaintiff has failed to allege facts to support a lack of probable cause for his arrests.

**F.      Excessive Force**

Plaintiff appears to have been a pretrial detainee during his incarceration at the Bob Wiley Detention Center. The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). To state an excessive force claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Id.

At the pleading stage, Plaintiff's complaint alleges facts sufficient to state a cognizable claim for excessive force in violation of the Fourteenth Amendment against Defendant Rales.

**V.      Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY ORDERS that the findings and recommendations issued on October 31, 2018, (ECF No. 17), are VACATED.

///

6

Further, the Court finds that Plaintiff has stated a cognizable claim against Defendant Rales for excessive force in violation of the Fourteenth Amendment. However, Plaintiff has failed to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and thus further leave to amend would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

***

Accordingly, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint against Defendant Rales for excessive force in violation of the Fourteenth Amendment; and
2. All other claims and defendants be dismissed from this action for failure to state a claim.

***

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 19, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE