# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEAN ALVARADO, JR., | Case No. 1:17-cv-01396-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| COUNTY OF TULARE, *et al.*, | **FOURTEEN (14) DAY DEADLINE** |
| Defendants. | |

**I.     Background**

Plaintiff Daniel Dean Alvarado, Jr. ("Plaintiff") is a former proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2019, the Court screened Plaintiff's first amended complaint and issued findings and recommendations that this action proceed on Plaintiff's first amended complaint against Defendant Rales for excessive force in violation of the Fourteenth Amendment and all other claims and defendants be dismissed from this action for failure to state a claim. (ECF No. 19.) Plaintiff did not timely file objections, and on May 17, 2019, the assigned District Judge issued an order adopting the findings and recommendations in full. (ECF No. 20.) Accordingly, on May 21, 2019, the Court found service appropriate for Defendant Rales and issued an order directing Plaintiff to submit service documents for Defendant Rales within thirty (30) days. (ECF

1

No. 21.)  On May 28, 2019, the Court received Plaintiff's late objections to the prior findings and recommendations.  (ECF No. 22.)

Despite Plaintiff apparently receiving the findings and recommendations on August 2, 2019, the findings and recommendations that had been served to Plaintiff's mailing address of record were returned as "Undeliverable, Unclaimed."  The Court's service order was also returned as "Undeliverable, Unclaimed" on August 22, 2019.  Plaintiff has not filed the required service documents, a notice of change of address, or otherwise communicated with the Court.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the Court's docket, Plaintiff's address change was due no later than October 4, 2019.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address.  Id. at 1228–29; Carey, 856 F.2d at 1441.  The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2019**            /s/ Barbara A. McAuliffe
                                                                                     UNITED STATES MAGISTRATE JUDGE