1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                            EASTERN DISTRICT OF CALIFORNIA

8

9    DANIEL DEAN ALVARADO, JR.,                Case No.  1:17-cv-01396-NONE-BAM (PC)

10                Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                                REGARDING DISMISSAL OF ACTION FOR
11           v.                                 FAILURE TO OBEY COURT ORDERS AND
                                                FAILURE TO PROSECUTE
12   COUNTY OF TULARE, *et al.*,
                                                (ECF Nos. 21, 26)
13                Defendants.
                                                **FOURTEEN (14) DAY DEADLINE**
14

15   **I.      Background**

16           Plaintiff Daniel Dean Alvarado, Jr. ("Plaintiff") is a former pretrial detainee proceeding

17   *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was

18   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

19   302.

20           On April 22, 2019, the Court screened Plaintiff's first amended complaint and issued

21   findings and recommendations that this action proceed on Plaintiff's first amended complaint

22   against Defendant Rales for excessive force in violation of the Fourteenth Amendment and all

23   other claims and defendants be dismissed from this action for failure to state a claim.  (ECF No.

24   19.)  On May 17, 2019, the assigned District Judge issued an order adopting the findings and

25   recommendations in full.  (ECF No. 20.)  Accordingly, on May 21, 2019, the Court found service

26   appropriate for Defendant Rales and issued an order directing Plaintiff to submit service

27   documents for Defendant Rales within thirty (30) days.  (ECF No. 21.)  The order also warned

28   Plaintiff that failure to comply would result in dismissal of this action.  (Id.)  On May 28, 2019,

                                                1

1  the Court received Plaintiff's late objections to the prior findings and recommendations.  (ECF

2  No. 22.)

3      Despite Plaintiff apparently receiving the findings and recommendations, on August 2,

4  2019, the findings and recommendations that had been served to Plaintiff's mailing address of

5  record were returned as "Undeliverable, Unclaimed."  The Court's service order was also

6  returned as "Undeliverable, Unclaimed" on August 22, 2019.  Following Plaintiff's failure to

7  provide an updated address or otherwise communicate with the Court, on October 10, 2019, the

8  undersigned issued findings and recommendations for dismissal of this action due to Plaintiff's

9  failure to prosecute.  (ECF No. 23.)  Plaintiff timely filed objections to the findings and

10  recommendations on October 21, 2019.  (ECF No. 24.)

11      As Plaintiff's objections appeared to provide an updated mailing address, the Court found

12  it appropriate to vacate the pending findings and recommendations for failure to prosecute.  (ECF

13  No. 26.)  However, Plaintiff still had not provided completed service documents for Defendant

14  Rales.  Therefore, the Court ordered re-service of the May 21, 2019 order directing Plaintiff to

15  submit service documents on Plaintiff's current address of record, and further ordered Plaintiff to

16  submit completed service documents for Defendant Rales or show cause in writing why this

17  action should not be dismissed for failure to prosecute.  Plaintiff was warned that his failure to

18  comply would result in a recommendation of dismissal of this action for failure to obey court

19  orders and failure to prosecute.  (Id.)

20      Plaintiff has not filed the required service documents, a notice of change of address, or

21  otherwise communicated with the Court, and the deadline to do so has expired.

22  **II.     Legal Standard**

23      Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

24  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

25  within the inherent power of the Court."  District courts have the inherent power to control their

26  dockets and "[i]n the exercise of that power they may impose sanctions including, where

27  appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

28  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

2

failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46

F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet,

963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987)

(dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779

F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**III.    Discussion**

Here, completed service documents for Defendant Rales are overdue, and Plaintiff has

failed to comply with the Court's orders.  The Court cannot effectively manage its docket if

Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors

weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

dismissal because public policy favors disposition on the merits.  Pagtalunan v. Galaza, 291 F.3d

639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here.  In re Phenylpropanolamine (PPA) Products

Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in

dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963 F.2d at 1262;

Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's May 21, 2019 service order

expressly warned Plaintiff that his failure to comply with that order would result in dismissal of

this action.  (ECF No. 21, p. 2.)  The Court's August 31, 2020 order to show cause further warned

3

1    Plaintiff that his failure to comply would result in a recommendation of dismissal of this action

2    for failure to obey court orders and failure to prosecute.  (ECF No. 26, p. 3.)  Thus, Plaintiff had

3    adequate warning that dismissal could result from his noncompliance.

4         Additionally, at this stage in the proceedings there is little available to the Court that

5    would constitute a satisfactory lesser sanction while protecting the Court from further

6    unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

7    action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

8    likely to have no effect given that Plaintiff has ceased litigating his case.

9         Finally, based on Plaintiff's failure to comply with or otherwise respond to these orders,

10   the Court is left with no alternative but to dismiss the action for failure to prosecute.  In re PPA

11   Prods. Liab. Litig., 460 F.3d at 1228.  This action, which has been pending since 2017, can

12   proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and

13   the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.

14   **IV.     Conclusion and Recommendation**

15        Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without

16   prejudice, based on Plaintiff's failure to obey court orders and failure to prosecute.

17        These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

19   **days** after being served with these Findings and Recommendations, Plaintiff may file written

20   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

21   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

22   specified time may result in the waiver of the "right to challenge the magistrate's factual

23   findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.

24   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).
     IT IS SO ORDERED.

25

26   Dated:   __September 28, 2020__          _____/s/ Barbara A. McAuliffe_____

27                                            UNITED STATES MAGISTRATE JUDGE

28

                                    4